UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Sonny Freeman, as Personal Representative of the Estate of Katherine Freeman,

Plaintiff,

v.

Southern Health Partners, Inc., Crystal Isaac, Bernard Williams, Jr., Kristin M. Wilsey, Lakeesha N. Martin, Franshon M. Miller, Sylvia Alicia, Gaymon, Jared K. Barela, I. J. Cooper, Stephanie E. Gainey, Melissa Robinson, Marquetta L. Donato, Brenda McCray, Officer Tomekia Ramsey, Jasmine Knight, Wheeler Sweat, Stg. Patricia Dukes, Jeffrey Richardson, Coray Raymond, Tomlin, Thomas C. Yeager, Sarah Padgett, Felicia Heyward, Terri Woods, Tonie R. Abraham, Carissa Churchill, Barbara Erlewine, Elizabeth Morris, Karen Troublefield, and Helene Sattele,

Defendants.

Civil Action No. 0:21-cv-1479-BHH-PJG

**COMPLAINT**

The Plaintiff above-named, complaining of the Defendants above named, alleges as follows:

PRELIMINARY STATEMENT OF FACTS

1. Plaintiff, Sonny Freeman, as personal representative of the Estate of Katherine Freeman, is a citizen and resident of Sumter County, South Carolina. Katherine Freeman was, at all relevant times, a pretrial detainee at the Sumter-Lee Regional Detention Center ("the jail") in Sumter County, South Carolina.

2. Defendants Crystal Isaac, Bernard Williams, Jr., Kristin M. Wilsey, Lakeesha N. Martin, Franshon M. Miller, Sylvia Alicia Gaymon, Jared K. Barela, I. J. Cooper, Stephanie E.

Gainey, Melissa Robinson, Marquetta L. Donato, Brenda McCray, Officer Tomekia Ramsey, Jasmine Knight, Wheeler Sweat, Stg. Patricia Dukes, Jeffrey Richardson, Coray Raymond, Tomlin, Thomas C. Yeager, and Barbara Erlewine, sued in their individual capacities, are citizens and residents of the State of South Carolina and were at relevant times employed by the Sumter County Sheriff's Office ("SCSO") and were acting in the course and scope of his employment, and under the color of state law. These defendants are collectively referred to herein as jail staff.

3. Defendant Southern Health Partners, ("SHP"), contracted with SCSO to perform essential state functions with regard to the jail system and as to the Decedent, and at all relevant times, was responsible for ensuring that the Decedent was safe and receiving adequate care and treatment in accordance with applicable legal standards. The rights violations at issue in this case were carried out by SHP final policymakers, and established SHP policies and practices were a driving force behind the rights violations at issue in this case. These defendants are collectively referred to herein as jail medical staff.

4. Defendants Sarah Padgett, Felicia Heyward, Terri Woods, Tonie R. Abraham, Carissa Churchill, Barbara Erlewine, Elizabeth Morris, Karen Troublefield, and Helene Sattele were individuals who at all times relevant hereto, were employed by SHP and they will be sued in their individual and official capacities. At all relevant times, Defendants Sarah Padgett, Felicia Heyward, Terri Woods, Tonie R. Abraham, Carissa Churchill, Barbara Erlewine, Elizabeth Morris, Karen Troublefield, and Helene Sattele were acting in the course and scope of their employment, and under the color of state law.

## NATURE OF ACTION

5. This is an action against aforementioned Defendants for compensatory damages, punitive damages, attorneys fees, costs and all other available damages proximately cause by the

Defendants' deliberate indifference of and violations of the Plaintiff's decedent's clearly established constitutional rights.

JURISDICTION

6. This action is brought pursuant to 28 U.S.C. § 1331 and § 1343(a)(3). The substantive claims herein arise under 42 U.S.C. § 1983, violations of civil rights, and the Eighth and Fourteenth Amendments to the United States Constitution.

FACTUAL HISTORY AND TIMELINE

7. Prior to the events in question, the jail had a well-documented history of failing to provide necessary medical treatment to prisoners in the jail, failing to select qualified contractors to perform medical services in the jail, and otherwise violating the rights of inmates.

8. Accordingly, the jail was well-aware of the need to vet medical contractors thoroughly, to monitor the activities of medical contractors at the jail, and to train nonmedical employees regarding recognition of and proper response to obvious medical needs.

9. The Decedent was arrested for shoplifting in which she stole two beef angus ribeye steaks, valued at $33.00. She was booked into the jail on or about August 30, 2018. Notwithstanding, the booking officer, Marquetta L. Donato, failed to properly search and monitor her condition while she was in custody. The jail was aware during the initial intake that she was exhibiting symptoms consistent with a drug overdose.

10. The jail was aware that the Decedent displayed signs of potential drug abuse, considering the detention center nursing staff ordered detox protocol initiation within three hours of booking the Decedent. While the Decedent was in booking, Defendant Crystal Isaac reported that the Decedent "was moaning a lot, stating she was in pain, and hot". During her medical screening completed by Defendant Erlewine on August 30, 2018 at 20:47, it was reported that the

Decedent was showing symptoms of heroin withdrawal. However, the jail staff failed to properly follow the protocol and ignored obvious signs that the Decedent was experiencing a medical emergency. Officers failed to administer medical treatment to the Decedent within a reasonable amount of time, which ultimately resulted in her demise.

11. The Decedent was eventually admitted to the hospital, two days later, on September 1, 2018 at 7:45 a.m. for continued deterioration of vital signs and unresponsiveness.

12. The Decedent required extensive medical treatment, which did not stabilize her condition. She was life-flighted to another medical facility in critical condition, where she expired after significant neurological deterioration.

13. Despite the Decedent's obvious deteriorating and serious medical condition and a Correctional Officer asking for a medical assessment, appropriate action was not taken by jail medical staff to provide the Decedent with adequate medical care. The indifference displayed by the jail medical staff to the Decedent's incredibly ill state further delayed adequate medical care and treatment until her condition had severely deteriorated, creating an eventual fatal medical condition.

14. Defendant Southern Health Partners had a nondelegable duty to provide necessary medical treatment at the jail, and to ensure that nonmedical staff were properly trained to deal with medical emergencies. The Defendant Officers were trained and expected to identify emergency medical conditions, such as the Decedent's, and to immediately transport the patient to the hospital or call 911, but the jail staff in this case was deliberately indifferent to this and failed to provide her with the necessary medical care that any layperson would have known needed to be provided.

15. Final policymakers at SHP made various policy decisions that led to the Plaintiff's Decedent's constitutional rights being violated, and single actions by final policymakers were

violative of the Plaintiff's Constitutional rights. Among other policies at issue, SHP attempted to save money by intentionally failing to refer patients to outside hospitals even when it was obvious that the patient's condition required treatment at an outside hospital. SHP also attempted to save money by having nurses making clinical diagnoses of patients when clinical diagnoses should always be made by a physician and never by a nurse.

16. As a proximate result of the Defendants' acts and omissions, Katherine Freeman experienced extreme conscious pain and suffering, physical and emotional injury, and ultimately death. The Plaintiff seeks all available survival and wrongful death damages.

## FIRST CAUSE OF ACTION
(U.S. Constitutional Violations - 42 U.S.C. § 1983)

18. Plaintiff incorporates all paragraphs above as if fully sated herein.

19. At all relevant times, Defendants were persons acting under color of state law, and are sued in the capacities set forth above for violating the Plaintiff's constitutional rights afforded to him by the Eight and Fourteenth Amendments to the United States Constitution.

20. At the time of the incidents at issue, the Plaintiff had clearly established rights under the United States Constitution.

a. To be free from any punishment;

b. To be free from government conduct that shocks the conscience;

c. To be free from cruel and unusual punishment;

d. To be free from deliberate indifference to a substantial risk of serious harm;

e. To be free from state created danger;

f. To bodily integrity; and

g. To adequate medical care and to be free from deliberate indifference to medical needs.

21. The Defendants violated these clearly established rights in the ways described in summary form herein, and in ways that will be uncovered in discovery and at trial.

22. The unconstitutional misconduct described herein was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for the Decedent's clearly established constitutional rights.

23. At all relevant times, SHP and its employees were performing essential state functions normally performed by SCSO. The complained of actions by SHP were carried out pursuant to the official policy of SHP, and/or were directly perpetrated by SHP final policymakers.

24. As a direct and proximate result of the above constitutional violations, the Plaintiff's Decedent suffered serious physical and emotional injury, and ultimately death.

PUNITIVE DAMAGES

25. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth fully herein.

26. The callous acts of the Defendants as described herein constitute malice or willful and wanton conduct.

27. The Defendants participated in or condoned the conduct constituting the aggravating factor giving rise to punitive damages in that their actions amount to reckless or callous indifference of the Decedent's rights guaranteed by the Constitution of the United States of America.

28. As a result of the acts and/or omissions described herein, the Plaintiff is entitled to a recovery of punitive damages to be determined by a jury.

WHEREFORE, Plaintiff prays for judgement against Defendants, for an award of actual, compensatory, special, general, economic, noneconomic, and punitive damages, as well as any

other available damages, to be determined by a jury, that the costs of this action be taxed against the Defendants, together with attorney fees and costs for such other and further relief as the court deems just and proper.

Anderson, South Carolina
May 18, 2021

/s/ Kyle J. White
Kyle White (Fed. ID No. 11774)
White Davis and White Law Firm, PA
209 East Calhoun Street
Post Office Box 1346
Anderson, SC 29621
Telephone: (864) 231-8090
kyle@wdwlawfirm.com

J. Thomas McElveen, III (Fed. ID No. 9883)
John R. Moorman (Fed. ID No. 10039)
Bryan Law Firm of SC, LLP
17 East Calhoun St.
Sumter, SC 29151
Telephone: (803) 775-1263
tmcelveen@bryanlaw.com
jmoorman@bryanlaw.com

Attorneys for the Plaintiff